IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff | (CAMDEN) |
| vs. | NO. 1:21-CV-00278 |
| KAT CONSTRUCTION LLC, | |
| Defendant | |

## Brief in Support of Defendant, Kat Construction LLC's Motion to Dismiss for Lack of Subject-Matter Jurisdiction

**MINTZER, SAROWITZ, ZERIS, LEDVA
& MEYERS, LLP**

BY: _/s/ Jeffrey C. Sotland_
JEFFREY C. SOTLAND, ESQUIRE
Attorney for Defendant, KAT CONSTRUCTION LLC
2070 Springdale Road, Suite 400
Cherry Hill, New Jersey 08003
(856) 616-0700

## Table of Contents

I.   PRELIMINARY STATEMENT ................................................................................ 3

II.  STATEMENT OF FACTS ...................................................................................... 3

III. ARGUMENT ............................................................................................................ 5

    A.   Plaintiff's Complaint is not ripe for adjudication because the insureds have not been made whole. ................................................................................................. 5

    B.   Defendant's insurance coverage is insufficient to cover both Plaintiff's and the Insureds' Claims and therefore, the Plaintiff cannot proceed. ......................................... 6

    C.   The attached exhibits may be properly considered by the Court in determining this Motion to Dismiss ................................................................................................. 7

IV.  CONCLUSION ........................................................................................................ 8

# Table of Authorities

**Cases**
City of Asbury Park v. Star Ins. Co., 233 A.3d 400, 405 (2020).................................... 5, 6
Garden State Islamic Ctr. v. City of Vineland, 358 F. Supp. 3d 377, 382 (D.N.J. 2018)... 5
In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ................ 7
Nextel Communications of the Mid–Atlantic, Inc. v. City of Margate, 305 F.3d 188, 192
   (3d Cir. 2002).................................................................................................................. 5
Peachlum v. City of York, Pennsylvania, 333 F.3d 429, 433 (3d Cir. 2003) ..................... 5
Providence Washington Ins. Co. v. Hogges, 171 A.2d 120, 124 (App. Div. 1961) ........... 5
Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir.1996) ..................................... 7

**Rules**
Fed. R. Civ. P. 12(b)(1)....................................................................................................... 5

## I.      PRELIMINARY STATEMENT

The Court does not have jurisdiction over this matter because Plaintiff's claims are not ripe and if any recovery is available to them, it is subsequent to their insureds' recovery pursuant to the made-whole doctrine applied in New Jersey. Plaintiff contends it is subrogated to the rights of its insureds, Philip M. Field and Jennifer L. Welliver (hereinafter "the insureds"), for payments made resulting from damage from a fire. The insureds allege that the fire occurring at their property resulted from the work completed by Defendant, Kat Construction. The insureds further allege that they were not fully compensated for the damage and as such, maintain an action against Defendant, Kat Construction. Kat Construction's insurance policy contained a sublimit provision which applies in this case. Therefore, funds for recovery are limited. The insureds should be the first to recover, and if the funds are limited, then the insurer, the Plaintiff in this case, bears the loss. As such, Plaintiff cannot proceed on its claims.

## II.     STATEMENT OF FACTS

On or about February 24, 2021, Plaintiff, Scottsdale Insurance Company, filed a Complaint in the District Court for the District of New Jersey. (Plaintiff's Complaint). The Complaint alleged that Plaintiff was entitled to subrogate the rights of its insureds after it made payments to them for damage to their property. (Plaintiff's Complaint at ¶ 11 & 12).

The insureds filed a complaint in the Superior Court of New Jersey, Law Division, Cape May County, on September 27, 2021. (Insureds' Complaint). The insureds Complaint alleges that on or about December 19, 2019, Defendant, Kat

3

Construction, was performing construction work at the property owned by the insureds. (Insureds' Complaint at ¶ 4). The property was located at 60 Sunset Place, Ocean City, New Jersey (hereinafter "the property"). (Insureds' Complaint at ¶ 1).

Specifically, the insureds allege that Defendant's conduct while refinishing the kitchen cabinets and performing other construction work resulted in a fire and caused damage. (Insureds' Complaint at ¶ 4 - 6). However, the insureds contend that only a portion of their damages were covered through insurance. (Insureds' Complaint at ¶ 8 - 11). As such, the insureds are presently seeking to recover for damages from this alleged incident from Defendant, Kat Construction.

Defendant, Kat Construction, is insured through Preferred Contractors Insurance Company Risk Retention Group, LLC (hereinafter referred to as "PCIC"). PCIC provided a Reservation of Right letter indicating that a sublimit in the policy applied. (Reservation of Rights letter from PCIC at p. 2). Specifically, the policy in place contained an Oil Based Paint and Flammable Products Limitation endorsement which reduced the limits of liability for the Policy to $25,000 for damages and claim expenses for any claim or suit for bodily injury or property damage that was in any way related to the use of oil base paints, lacquers, or other flammable liquids or solids that lead or contributed to combustion. (Reservation of Rights letter from PCIC at p. 3). It is alleged that Kat Construction's work at the property in refinishing the kitchen cabinets contributed to the fire. (Insureds' Complaint at ¶ 4 - 6).

## III.   ARGUMENT

### A.   *Plaintiff's Complaint is not ripe for adjudication because the insureds have not been made whole.*

Under the Federal Rule of Civil Procedure, a party may assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). The District Court of New Jersey has noted that "[w]hether a case is ripe for justiciability is a prerequisite to the court's exercise of jurisdiction." Garden State Islamic Ctr. v. City of Vineland, 358 F. Supp. 3d 377, 382 (D.N.J. 2018) (citing Nextel Communications of the Mid–Atlantic, Inc. v. City of Margate, 305 F.3d 188, 192 (3d Cir. 2002). Moreover, "the function of the ripeness doctrine is to determine whether a party has brought an action prematurely". Garden State Islamic Ctr., 358 F. Supp. 3d at 382 (citing Peachlum v. City of York, Pennsylvania, 333 F.3d 429, 433 (3d Cir. 2003)).

New Jersey Courts have "long recognized and utilized the made-whole doctrine." City of Asbury Park v. Star Ins. Co., 233 A.3d 400, 405 (2020). The Appellate Division of New Jersey determined that "[i]n the absence of express terms in the contract to the contrary, [the insured] must be made or kept whole before the insurer may recover anything from him or from a third party under its right of subrogation." Providence Washington Ins. Co. v. Hogges, 171 A.2d 120, 124 (App. Div. 1961).

In this case, Plaintiff has filed a Complaint demanding judgment against Defendant, Kat Construction. (Plaintiff's Complaint). Plaintiff contends that it is subrogated to the right of the insured to the extent of the payments made. (Plaintiff's Complaint at ¶ 11 & 12). However, the Plaintiff is not entitled to recover through subrogation as their insureds have not been made whole. Star Ins. Co., 233 A.3d at 405; Hogges, 171 A.2d at 124. The insureds in this case must be the first to recover.

5

### B.     Defendant's insurance coverage is insufficient to cover both Plaintiff's and the Insureds' Claims and therefore, the Plaintiff cannot proceed.

The made-whole doctrine applies "when the injured party's damages exceed a limited pool of funds from which recovery may be had." Star Ins. Co., 233 A.3d at 405 (internal citations omitted). This occurs when "the amount recoverable from the responsible third party is insufficient to satisfy both the total loss sustained by the insured and the amount the insurer pays on the claim." Id. at 405 (internal citations omitted). When the funds are insufficient, "the made-whole doctrine holds that the injured party should be the first to tap into the limited pool of funds and recover on any loss, and when someone cannot be fully paid, the loss should be borne by the subrogee, the insurer." Id. at 405. (internal citations omitted).

As this case involved a fire at the insureds' property, which is alleged to have resulted from the work performed by Defendant, Kat Construction, the sublimit contained in the PCIC policy applies. (Reservation of Rights letter from PCIC at p. 2). Thus, the insurance coverage applicable is limited to no more than $25,000.00. Based on the made-whole doctrine, the insureds' right to recovery must take precedent over the insurer and where the funds are insufficient, the insurer bears the loss. Star Ins. Co., 233 A.3d at 405.

As the sublimit applies in this case, the funds available to the insureds for recovery are limited to the $25,000 stated in the sublimit provision. (Reservation of Rights letter from PCIC at p. 2 & 3).  Therefore, because the funds for recovery are limited and the insureds are the first to recover, the Plaintiffs claim cannot proceed.[1]

---

[1] Even assuming that the sublimit did not apply, the Insureds have refused to answer discovery in their state court claim and based upon documents in the possession of Scottsdale their claims could easily exceed the limit of the policy irrespective of the sub-limit.

6

### C. The attached exhibits may be properly considered by the Court in determining this Motion to Dismiss

While generally, a District Court should not consider "matters extraneous to the pleadings" when ruling on a motion to dismiss, there are exceptions to this general rule. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). If a document is integral to the complaint, then it may be considered by the District Court "without converting the motion [to dismiss] into one for summary judgment." Id. (citing Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir.1996)). The Third Circuit noted that a main concern when referring to documents outside of the complaint is lack of notice to the plaintiff. Burlington, 114 F.3d at 1426.

In this case, the Reservation of Rights letter is integral to the Plaintiff's Complaint because it outlines the amount of recovery available to them. The Complaint seeks to subrogate the rights of the insureds and recover for amounts paid. It is necessary to the claim to establish the amount of funds available for recovery. The Reservation of Rights letter should be considered by this Court. Additionally, the attached Reservation of Rights letter was turned over to Plaintiff's counsel on February 16, 2022. Therefore, there is no concern of lack of notice to the Plaintiff, as Plaintiff has received this Reservation of Rights letter.

The insureds' Complaint is also integral to the Plaintiff's Complaint because Plaintiff's claims are based upon payments it made as a result of the alleged incident. Therefore the insureds' claims surrounding the alleged incident are essential to the Plaintiff's Complaint. Thus, the exhibits attached to Defendant, Kat Construction's Motion to Dismiss should be considered by this Court in determining the Motion.

## IV.  CONCLUSION

Based on the foregoing, it is respectfully requested that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY:     */s/  Jeffrey C. Sotland*
    JEFFREY C. SOTLAND, ESQUIRE
    Attorney for Defendant,  KAT CONSTRUCTION LLC
    2070 Springdale Road, Suite 400
    Cherry Hill, New Jersey 08003
    (856) 616-0700
    **MSZL&M File No. 008160.000010**

## VERIFICATION

The facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This verification is made subject to the penalties of 18 PA C.S.A. '4904 relating to unsworn falsification to authorities.

                                             _____*/s/ Jeffrey C. Sotland*_____
                                             JEFFREY C. SOTLAND, ESQUIRE

DATE:   __3/25/22_____