IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, as subrogee of Philip M. Field and Jennifer L. Welliver, : : : : Plaintiff, : : v. : : KAT CONSTRUCTION LLC, : : Defendant. : : | CIVIL ACTION NO.: 1:21-cv-00278 |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Scottsdale Insurance Company, provides this Supplemental Memorandum in response to the Supplemental Memorandum filed by Defendant. Defendant previously filed a Motion to Dismiss in which it argued that Plaintiff's claims should be dismissed as unripe because the combined claims of Plaintiff in this litigation and its insureds in a related state court action were potentially in excess of the defendant's available liability insurance proceeds. Defendant's argument was based on the made-whole doctrine.

Based on testimony from Plaintiff's insureds' recent depositions and a supplemental damage claim for emotional distress submitted by the insureds, the Defendant requested an opportunity to provide supplemental briefing on its Motion to Dismiss and the Court granted Defendant's request. In its Supplemental

Memorandum, Defendant does not cite any new legal authority or make any new legal arguments. Rather, Defendant simply argues that the combined claims of Plaintiff and its insureds could possibly now be in excess of the $1 million per occurrence liability coverage available under Defendant's liability policy so Plaintiff's claims should be dismissed under the made-whole doctrine even if the $25,000 sublimit does not apply.

Plaintiff asserts that the recent testimony of its insureds and the possibility that the combined claims of Plaintiff and its insureds may be in excess of the $1 million in liability insurance coverage does not change any of the issues previously briefed.[1]  Whether the Defendant has $25,000 in liability coverage or $1 million in liability coverage, the made-whole doctrine is simply not a defense to Plaintiff's claims against Defendant. [2]

The testimony of Plaintiff's insureds and their supplemental statement on emotional distress damages being claimed, which was attached as an Exhibit to Defendant's Supplemental Brief, is collateral information outside of Plaintiff's Complaint and therefore should not be considered by this Court for purposes of a

---

[1] While Plaintiff asserts that the amount of its insureds' damages are irrelevant to Plaintiff's claims against Defendant, it should be noted that the insureds have not made any specific monetary demand for the emotional distress claim and those damages have not yet been established.  Accordingly, it is premature and speculative for Defendant to argue that the damages will exceed the $1 million policy limit.  Moreover, Plaintiff assumes that the Defendant will contest the viability and value of the insureds' emotional distress claim in the state court action.

[2] Defendant did not file a reply brief in response to Plaintiff's Opposition and has not cited any authority to refute Plaintiff's argument that the made-whole doctrine is not a defense that can be asserted by a defendant tortfeasor and only applies to disputes between a subrogating carrier and its insured.

2

Rule 12(b)(6) motion to dismiss. However, even if this collateral information is considered by the Court, as discussed at length in Plaintiff's Opposition, the fact that Defendant may have limited insurance coverage is not a defense to Plaintiff's substantive claims against Defendant and has nothing to do with the Plaintiff's standing to bring its claims in this Court. Even if the combined claims of Plaintiff and its insureds are in excess of the $1 million in liability coverage, the made-whole doctrine is not a defense that can be raised by a defendant tortfeasor to limit claims by a subrogating insurance carrier. Rather, it is a doctrine that governs the priority of recovery between a subrogating insurance carrier and its insureds if there is a dispute over limited proceeds to satisfy their respective established damaged claims. In this instance, Plaintiff and its Insureds have worked out an arrangement for sharing proceeds if there are limited proceeds available to satisfy their combined claims.[3] Accordingly, even if the made-whole doctrine was a defense that could be raised by the Defendant, any argument based on the made-whole doctrine is mooted by the sharing agreement between Plaintiff and its Insureds.

      Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

---

[3] See Affidavit of John Slattery, which was attached as Exhibit A to Plaintiff's Opposition, which confirms the agreement between plaintiff and its insureds.

Respectfully submitted,

*/s/ Daniel J. Luccaro*
Daniel J. Luccaro, Esquire
Cozen O'Connor
1010 Kings Highway South
Cherry Hill, NJ 08034
Ph: (856) 910-5000
Email: DLuccaro@cozen.com
*Counsel for Plaintiff*

## **CERTIFICATE OF ELECTRONIC FILING & SERVICE**

I hereby certify that on the 7th day of June, 2022, a copy of the foregoing was filed electronically with the Court's ECF system, which automatically sends notice of the filing to all counsel of record in the case.

/s/ Daniel J. Luccaro
Daniel J. Luccaro