**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CHRISTINE P. O'HEARN**<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN BUILDING &<br>U.S. COURTHOUSE<br>4TH & COOPER STREETS<br>ROOM 6050<br>CAMDEN, NJ 08101<br>856-757-5167 |

October 5, 2022

VIA CM/ECF
Daniel J. Luccaro
COZEN O'CONNOR
1010 Kings Highway South
Cherry Hill, NJ 08034

Brian D. Boyle
Jeffrey C. Sotland
MINTZER, SAROWITZ, ZERIS,
  LEDVA & MEYERS LLP
2070 Springdale Road, Ste. 400
Cherry Hill, NJ 08003

## LETTER ORDER

Re:  **Scottsdale Insurance Company v. Kat Construction LLC**
     **Civil Action No. 21-00278**

Dear Counsel:

This matter comes before the Court on Defendant Kat Construction LLC's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 23). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendant's Motion is **DENIED**.

  **I.**  **Factual Background**

This case arises from a fire that occurred at the home of Philip Field and Jennifer Welliver (together, "the Insureds") in Ocean City, New Jersey, on or about December 19, 2019. (Am. Compl., ECF No. 4, ¶¶ 6, 9). At that time, Defendant was performing construction work at the home, including refinishing the Insureds' kitchen cabinets. (Am. Compl., ECF No. 4, ¶ 8). In the course of this work, Defendant allegedly "inadvertently activated a stove at the property and left it operational, thereby causing [the] fire." (Am. Compl., ECF No. 4, ¶ 9). The blaze allegedly caused severe and extensive damage to the property. (Am. Compl., ECF No. 4, ¶ 10). The Insureds proceeded to submit a claim to their insurer, Plaintiff Scottsdale Insurance Company ("Plaintiff"), and were paid—at least in part—for their damages. (Am. Compl., ECF No. 4, ¶ 10). This subrogation suit by Plaintiff, alleging Defendant's negligence and seeking to recoup its benefits

payment to the Insureds, followed. (Compl., ECF No. 1).[1]

Although not alleged in the Complaint, the Court takes note of several additional relevant facts.[2] In addition to the present suit, Defendant represents that the Insureds have filed a complaint against it in the Superior Court of New Jersey, Cape May County ("the State Case"), arising from the same events. (Def.'s Br., ECF No. 24 at 3–4). Defendant represents that the Insureds allege in that complaint that they were underinsured and are now seeking to recover further damages from it. (Def.'s Br., ECF No. 24 at 4).

Defendant further represents that it is insured through Preferred Contractors Insurance Company Risk Retention Group, LLC ("PCIC"). (Def.'s Br., ECF No. 24 at 4). According to Defendant, PCIC has suggested in a Reservation of Rights Letter—which, notably, Defendant has not produced for this Court's review—that a sublimit in Defendant's policy may apply, limiting its liability coverage to $25,000. (Def.'s Br., ECF No. 24 at 4). Additionally, based on discovery in the State Case, Defendant believes that it could be liable for damages in excess of not only this sublimit, but its entire $1 million policy. (Ltr. from Def., ECF No. 30 at 1; Def.'s Supp. Memo., ECF No. 32).

Finally, the Court also notes that it understands that Plaintiff and the Insureds have entered into a litigation cooperation agreement—which, again, has not been produced for the Court's review—under which both may seek to recover against Defendant and ultimately share whatever proceeds from favorable judgments may be available. (Pla.'s Resp., ECF No. 26 at 4).

## II.   Procedural History

After initiating this action on January 7, 2021, Plaintiff amended its Complaint on February 24, 2021. (Compl., ECF No. 1; Am. Compl., ECF No. 4). Defendant answered after a stipulated extension of time on July 23, 2021. (Stip., ECF No. 11; Ans., ECF No. 13). In the midst of discovery, Defendant filed the present Motion, seeking dismissal for this Court's lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), to which Plaintiff responded in opposition.[3] (Motion, ECF No. 23; Pla.'s Resp., ECF No. 26).[4]

---

[1] Plaintiff's original Complaint also named "Top Cat Construction Corporation" as a defendant, but Plaintiff appears to have voluntarily dismissed its claims against that entity when it later amended the Complaint. (Compl., ECF No. 1; Am. Compl., ECF No. 4).

[2] As explained more fully below, because Defendant raises a factual attack on this Court's subject matter jurisdiction under Federal Rule 12(b)(1), the Court is entitled to make necessary factual findings outside the pleadings to make its jurisdictional determination. *See infra* Part III.

[3] Although Defendant did not file a reply, on May 16, 2022, it filed a Letter seeking leave to file a supplemental memorandum in further support of its Motion to address some newly discovered facts. (ECF No. 30). The Court granted Defendant leave and allowed Plaintiff an opportunity to respond. (Text Order, ECF No. 31). The parties submitted their Supplemental Memoranda on May 23 and June 7, 2022, respectively. (ECF Nos. 32–33).

[4] While this Motion was pending, the parties were referred to mediation and this matter was

### III. Legal Standard

Under Rule 12(b)(1),[5] a defendant can lodge a facial or a factual attack on a court's subject matter jurisdiction. *E.g.*, *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)). A facial attack "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (citations omitted). In a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citations omitted). In a factual attack, "it is permissible for a court to review evidence outside the pleadings." *Id.* (citations omitted).

Here, Defendant presents a factual attack, arguing that the facts of this case make it not ripe for adjudication. (ECF No. 23). In such an attack, "plaintiff's allegations enjoy no presumption of truthfulness." *Young*, 152 F. Supp. 3d at 345. "The burden of persuasion is placed on plaintiffs to establish jurisdiction, and the Court may make factual findings beyond the pleadings that are decisive to determining jurisdiction." *Id.*

### IV. Discussion

Defendant has moved for dismissal under Rule 12(b)(1) for this Court's want of subject matter jurisdiction. Specifically, Defendant contends that under New Jersey law's "made-whole" doctrine—which generally requires insured parties to be made whole before an insurer may recover from a third-party as a subrogee, *e.g.*, *City of Asbury Park v. Star Ins. Co.*, 233 A.3d 400, 405–06 (N.J. 2020)—this case is not yet ripe for adjudication because the Insureds have not yet been made whole. That view is mistaken, and for the reasons that follow, Defendant's Motion is denied.

The ripeness doctrine—derived from both "Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction," *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) —is a judicial tool courts may use when a "case will be better decided later and [when] the parties will not have constitutional rights undermined by the delay." *Kyle-Labell*, 364 F. Supp. 3d at 402 (quoting *Simmonds v. I.N.S.*, 326 F.3d 351, 357 (2d Cir. 2003). When considering whether to decline jurisdiction under the doctrine, court generally consider "(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Id.* at 403 (citing examples). Here, the relevant issues are fit for decision now such that delaying adjudication is entirely unnecessary—and any hardship that that delay would

---

temporarily stayed. (Order, ECF No. 34). Unfortunately, the mediation, which occurred on August 10, 2022, was not successful, and the stay was lifted on August 17, 2022. (Order, ECF No. 39).

[5] "A motion to dismiss for lack of ripeness is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1) because ripeness is a jurisdictional matter." *Kyle-Labell v. Selective Service System*, 364 F. Supp. 3d 394, 401 (citing *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001)).

cause (whatever it may be) would be gratuitous.

This case is fit for adjudication now because the doctrine Defendant suggests should give the Court pause has no application here. The made-whole doctrine is an equitable principle in New Jersey subrogation law that protects insureds by providing them priority in recovery over their insurers "[w]hen the amount recoverable from the responsible third party is insufficient to satisfy both the total loss sustained by the insured and the amount the insurer pays on the claim." *Star Ins. Co.*, 233 A.3d at 405 (quoting *Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency, Inc.*, 72 A.3d 36, 40 (Conn. 2013)). In such circumstances, "the injured party should be the first to tap into the limited pool of funds and recover on any loss, and when someone cannot be fully paid, the loss should be borne by the subrogee, the insurer." *Id.* (quoting 44A AM. JUR. 2d *Insurance* § 1780). But critically, the doctrine only applies "[i]n the absence of express terms in the contract to the contrary." *Providence Wash. Ins. Co. v. Hogges*, 171 A.2d 120, 124 (N.J. App. Div. 1961). Put differently, although the baseline equitable rule is that insured parties should recover first, insurers and their insureds can provide for a different recovery scheme by contract if they so choose. *E.g.*, *Culver v. Ins. Co. of N. Am.*, 559 A.2d 400, 402 (N.J. 1989). That is the case here, as Plaintiff represents that it and the Insureds have entered into a litigation cooperation agreement that departs from the made-whole framework. (Pla.'s Resp., ECF No. 26 at 4). Accordingly, the doctrine does not apply.

Moreover, even if Plaintiff and the Insureds hadn't opted out of the doctrine by contract, it is not clear to the Court that the funds potentially recoverable from Defendant are so limited as to justify this Court's declining jurisdiction to ensure the Insureds' recovery. Defendant claims that its funds are limited because its own liability insurer has suggested that limits in its policy may prevent the insurer's full payment of any judgment secured against it. (Def.'s Supp. Memo., ECF No. 32). Whether or not these limits apply, however—and the Court offers no opinion on that issue—Defendant's insurance policy does not provide the upper limit of potential recovery against it. Defendant's potential underinsurance does not render it judgment-proof; Defendant remains personally liable for any judgment amount beyond its policy limit. *See, e.g.*, *Rova Farms Resort, Inc. v. Investors Ins. Co. of. Am.*, 323 A.2d 474, 499 (N.J. 1974) (explaining in dicta that a "policy limit was $50,000 and any verdict beyond that would have to be paid by [the] insured"). Carrying liability insurance does not provide alleged tortfeasors immunity from suit under the made-whole doctrine.

Finally, and perhaps most fundamentally, it seems to the Court that Defendant's argument is misplaced because it lacks standing to raise it. The Court is aware of no case in New Jersey in which an alleged tortfeasor was able to defeat or limit a plaintiff's liability claim relying upon the made-whole doctrine. And this lack of precedent is not surprising, because it appears to be hornbook law that the doctrine is simply not available as a defense. 44A AM. JUR. 2d *Insurance* § 1780 ("Because the make-whole doctrine is for the benefit of the insured, the defendant in a subrogation action by an insurer lacks standing to assert that the insured has not been made whole." (citation omitted)). Because the doctrine was not developed for its protection, Defendant cannot rely on it to avoid this case's adjudication.

4

In sum, the issues this case raises are fit for adjudicating now. The Court need not analyze what hardship delay may cause, because any at all would be unjustified. This case is ripe for adjudication, and Defendant's arguments otherwise lack merit.

### V.     Conclusion

For the foregoing reasons, Defendants' Motion, (ECF No. 23), is **DENIED**.

**SO ORDERED**.

*Christine A. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**